# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                                                Case No. 6:11-cr-154-Orl-22KRS

**MARCOS NOEL NEGRON-TORRES #1**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **UNITED STATES' MOTION TO STRIKE AND/OR DISMISS THIRD PARTY PETITIONER'S CLAIM (Doc. No. 81)**
>
> **FILED:**     **November 28, 2011**

## I. PROCEDURAL HISTORY.

On May 18, 2011, the United States filed an indictment charging defendant Marcos Noel Negron-Torres with conspiracy to possess and distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846. Doc. No. 1. The indictment stated that the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), would seek to forfeit all of all right, title, and interest in any property constituting or derived from any proceeds Negron-Torres obtained, directly or indirectly, as a result of the charged offense, or any property used or intended to be used in any manner or part to commit and to facilitate the commission of the charged offense, including, but not limited to, $27,092.00 in U.S. Currency. *Id.* at 2.

On June 29, 2011, Negron-Torres pleaded guilty to count one of the indictment. Doc. No. 41. In his plea agreement, Negron-Torres agreed to forfeit $27,092.00. Doc. No. 33 at 7. Negron-Torres admitted that those funds were intended to be used as partial payment for two kilograms of cocaine. *Id*. at 15. Negron-Torres was sentenced on September 22, 2011. In the judgment, Negron-Torres was ordered to forfeit $27,092.00. Doc. No. 75 at 4.

On October 13, 2011, the United States sent written notice of the forfeiture to Karla M. Rodriguez-Colon. Doc. No. 81 ¶ 5; Doc. No. 81-1. On October 15, 2011, Rodriguez-Colon received the notice as established by her signature on a certified mail receipt. *Id.*[1] Rodriguez-Colon executed a Letter of Forfeiture Claim by Third Party on November 17, 2011, but it was not filed with the Court until November 21, 2011. Doc. No. 80. Rodriguez-Colon, appearing *pro se*, contended that the $6,500.00 of the forfeited funds belonged to her because she loaned those funds to Negron-Torres. *Id*. at 1.

The United States filed the above-referenced motion to strike and/or to dismiss Rodriguez-Colon's claim. Doc. No. 81. Rodriguez-Colon responded to the motion. Doc. No. 104. The motion was referred to me for issuance of a report and recommendation and the matter is ripe for resolution. Doc. No. 82.

---

[1] The United States' motion is not verified. However, Rodriguez-Colon does not contest that she received the Notice of Forfeiture on October 15, 2011. She also attached a copy of the Notice of Forfeiture to her petition. Doc. No. 80 at 18. Consideration of matters outside the record does not require the conversion of this motion into a motion for summary judgment under Federal Rule of Civil Procedure 56. This motion to dismiss is essentially a challenge to the Court's jurisdiction under Rule 12(b)(1) and matters outside of the record are allowed to be considered. *See* Fed. R. Civ. P. 12(d); *Schutz v. Sec'y, Dep't of State*, No. 6:11-cv-1296-Orl-31DAB, 2012 WL 275521, at *2 (M.D. Fla. Jan. 31, 2012) ("In resolving a factual attack [on subject matter jurisdiction], the district court may consider extrinsic evidence such as testimony and affidavits." (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

## II. STATEMENT OF FACTS.

In her verified claim, Rodriguez-Colon averred that she loaned $6,500.00 to Negron-Colon so that he could purchase auto racing parts. She further attests that Negron-Colon was to pay the money back to her once his mechanic work was complete. She further averred that no part of her money was to be used in a drug conspiracy. Doc. No. 80 at 1.

She attached to her claim a letter she sent to the Drug Enforcement Administration (DEA) dated September 16, 2011 in which she asserted a claim for $6,500.00. Doc. No. 80 at 3. In that letter, she stated that the money came from her 2010 income tax return refund. *Id.* Rodriguez-Colon attached a bank statement from her account which showed a withdrawal of $4,000.00 on April 9, 2010. *Id.* at 16. She also attached a bank statement from Negron-Torres' bank account which showed a withdrawal of $2,500.00 on April 20, 2010. *Id.* at 10. She also attached a letter from DEA to her dated October 6, 2011 indicating that her "claim has been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above, [the Middle District of Florida]." *Id.* at 20.

## III. APPLICABLE LAW.

"Any person, other than the defendant, asserting a legal interest in the property which has been ordered forfeited to the United States," may petition the court for a hearing to adjudicate the validity of the alleged interest. 18 U.S.C. § 853(n)(2). The ancillary proceeding creates an orderly procedure whereby third parties who claim their property interests have been forfeited in a criminal case can challenge the validity of the forfeiture order and establish their legitimate ownership interest. *See United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009). The only issue in an ancillary proceeding is ownership of the property ordered forfeited in the criminal case.

*United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001).[2]  "Section 853(n)(6) protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving right to forfeiture and bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets."  *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003)(internal citation and quotation marks omitted).

Ancillary forfeiture proceedings that arise out of criminal cases are civil in nature and are thus governed by the Federal Rules of Civil Procedure.  *See Gilbert,* 244 F.3d at 907. Accordingly, the parties may move to dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.  Fed. R. Crim. P. 32.2(c)(1)(A).  A motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b).  *Marion*, 562 F.3d at 1342 (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)).

**IV.   ANALYSIS**.

The United States contends that Rodriguez-Colon does not have standing to contest the forfeiture because she did not file her petition timely.  Under 21 U.S.C. § 853(n)(2), a third party may petition the Court within thirty days of the receipt of notice of the forfeiture.  Here, Rodriguez-Colon received notice of the forfeiture on October 15, 2011 and did not file her petition until November 21, 2011.  Thus, she did not file her petition within the thirty-day window.

---

[2] *Gilbert* was a case in which forfeiture was sought under RICO, 18 U.S.C. § 1963(l)(3). Because the language in § 1963(l) and § 835(n) is the same, case law interpreting § 1963(l) is applicable in a § 853(n) forfeiture proceeding. *United States v. Watkins*, 320 F.3d 1279, 1283 n.2 (11th Cir. 2003).

The use of the word "may" in the statute does not allow a petitioner to file a petition outside of the thirty-day limit. *Marion*, 562 F.3d at 1336-37. "If a third party chooses not to file a petition within the prescribed thirty days, . . . she forfeits her interests in the property." *Id*. at 1337 (citing *United States v. Soreide*, 461 F.3d 1351, 1355 (11th Cir. 2006) (per curiam)). Similarly, Federal Rule of Criminal Procedure 32.2(c)(2) "provides that a third party who fails to file a timely claim may not object to the forfeiture on the ground that the third party had an interest in the property." *United States v. Muckle*, 709 F. Supp. 2d 1371, 1372 (M.D. Ga. 2010).

Because Rodriguez-Colon did not file her petition until thirty-seven days after she received notice of the forfeiture, her petition was untimely.

In her response to the motion, Rodriguez-Colon argues that her letters to the DEA should be considered to be timely asserted claims. Doc. No. 104 at 1. The parties have not addressed whether the time for filing the ancillary claim should be equitably tolled based on the letters to Rodriguez-Colon from DEA indicating that her claim had been accepted. *See United States v. BCCI Holdings (Luxembourg), S.A.*, 916 F. Supp. 1276, 1284(D.D.C. 1996)(equitably tolling the time to file an ancillary claim based on third-party's due diligence in requesting information from the government regarding the assets at issue).

The Court need not require supplemental briefing on the equitable tolling issue because, even if equitable tolling applies, Rodriguez-Colon does not have a sufficient interest in the money at issue to have standing to bring an ancillary claim. Rodriguez-Colon's factual averments establish that she is, at best, an unsecured or general creditor of Negron-Torres. "[U]nsecured or general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B)." *Watkins*, 320 F.3d at 1283; *see also United States v. Eldick*, 223 F. App'x 837, 840

(11th Cir. 2007)("A fraud victim who voluntarily transfers property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor.").[3]  Accordingly, as a general or unsecured creditor Rodriguez-Colon does not have standing to contest the forfeiture.

**V. RECOMMENDATION**.

Based on the foregoing, I respectfully recommend that the United States' Motion to Strike and/or Dismiss Third Party Petitioner's Claim, Doc. No. 81, be **GRANTED** and that Rodriguez-Colon's petition be **DISMISSED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 26th day of June, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy

---

[3] Unpublished decisions of the Eleventh Circuit are cited for their persuasive value.